Cesario BRAVO, Jr., et al., Appellants,

v.

**TEXAS FARMERS INSURANCE COMPANY, Appellee.**

No. 6834.

Court of Civil Appeals of Texas, El Paso.

July 11, 1979.

Joseph (Sib) Abraham, Jr., Duane A. Baker, Luis E. Islas, El Paso, for appellants.

Dudley & Dudley, William C. Dudley, Paul W. Dudley, Keith C. Gorman, El Paso, for appellee.

OPINION

WARD, Justice.

The Plaintiffs brought suit in El Paso against their automobile insurance carrier under the uninsured motorist coverage provision for injuries arising from an automobile accident that occurred in Juarez, State

of Chihuahua, Mexico. The trial Court sustained the Defendant's plea to the jurisdiction based on the rule of lex loci delicti and the dissimilarity doctrine regarding the tort laws of Mexico. Because of the new rules established in *Gutierrez v. Collins*, Tex., 583 S.W.2d 312 (1979), regarding the two doctrines, we reverse and remand.

The Plaintiffs, Cesario Bravo, Jr., Herminia Bravo, Jesus Bravo and Margarita Bravo, were in an automobile owned by Cesario Bravo, Jr. and operated by Herminia Bravo. While stopped at a controlled intersection in Juarez and within ten miles from the International Border, the automobile was rear-ended by a bus operated by Autotransportes del Valle and driven by Sosimo Dominguez. The Plaintiffs alleged that they are residents of El Paso, that the accident was caused by the negligence of the bus company and its driver, and those two Defendants were alleged to be residents of Juarez, Mexico. The Plaintiffs sued for the personal injuries that they each received and alleged that their damages were their pain and suffering, medical expenses, lost wages, and lost earning capacity. The Plaintiffs further alleged their coverage under the uninsured motorist protection clause of an insurance policy issued by Texas Farmers Insurance Company to Cesario Bravo, Jr., the policy extending coverage on accidents occurring ten miles into Mexico. Plaintiffs also alleged that the bus was an uninsured motorist vehicle within the terms of the policy, and that neither the owner nor the driver of the bus carried liability insurance upon said vehicle, and that the Defendant Insurance Company, up to the policy limits, is now liable to pay all sums which the Plaintiffs would have received from the above named driver and owner for their injuries. As stated, the trial Court sustained the Defendant's plea to the jurisdiction and dismissed the cause of action.

■ The Plaintiffs' first two points are that the trial Court erred in granting the Defendant's motion to dismiss in that under the recent amendments to Article 4678, Tex.Rev.Civ.Stat.Ann., Texas courts should use the most significant contacts rule, and

that the article was intended to operate retroactively and should be applied to the instant cause of action. In the *Gutierrez* opinion, the Supreme Court stated that the statute itself is immaterial one way or the other to the common law cause of action asserted by the Plaintiffs, and that regardless the statute is not to be given retroactive effect. The two points are overruled.

■ The Plaintiffs' third point is to the effect that the trial Court erred in granting the motion to dismiss in that in this conflict of law case Texas law should be applied as to the tort portion of the cause of action, the point carrying with it the argument as to the tort feature that the rule of lex loci delicti should no longer be followed. The point is sustained. The portion of this conflict case which sounds in tort must now be determined by the "most significant relationship" test as enunciated in Sections 6 and 145 of the Restatement (Second) of Conflict of Laws. It is further noted that if the trial Court determines that the law of Mexico applies as to the tort portion of the cause of action, the dissimilarity doctrine is no longer a defense.

The judgment of the trial Court is reversed, and the cause is remanded to the trial Court.